UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

PETER MCCLOUD,           )
                         )
       **Plaintiff,**     )
                         )
v.                       )   No.: 14-1280-JES-JEH
                         )
                         )
PAUL GRIFFITH and        )
LT. PRENTICE,            )
                         )
       **Defendants.**    )

### MERIT REVIEW OPINION

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Peter McCloud's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Peter McCloud has filed the instant case under 42 U.S.C. § 1983 alleging two claims. As for his first claim, McCloud alleges that Defendant Paul Griffith used excessive force against him when Griffith removed him from the yard at the Pontiac Correctional Center after another inmate threw urine on him. Specifically, McCloud alleges that Griffith repeatedly punched him in the mouth and slammed his face onto the floor without provocation. McCloud claims that he needed medical attention as a result of Griffith's attack on him.

In order to state a claim for excessive force, a plaintiff must demonstrate that the force used against him by a state actor in an excessive force claim was not applied in a good faith effort to maintain or restore discipline but was applied maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)(quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). McCloud has alleged that Griffith repeatedly struck him and caused him injury and that Griffith's actions were not applied in good faith and done without provocation. Accordingly, McCloud has stated an excessive force claim against Griffith.

As for his second claim, McCloud alleges that, after Griffith assaulted him, Defendant Lt. Prentice made him remove all of his clothing and that Lt. Prentice placed him into a cell without running water, without a blanket, and without a mattress for seventy-two hours. Lt. Prentice also kept the lights on in the cell during McCloud's entire seventy-two hour confinement there.

The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id*. at 838. Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here, McCloud alleges that Lt. Prentice knew of the conditions in the cell, but he did nothing to alleviate them. Based upon his allegations of the conditions in the cell, the Court

finds that McCloud has stated a claim for deliberate indifference under the Eighth Amendment. *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007)(prisoner stated constitutional claim when he was deprived of basic sanitation items while he was incarcerated for six days in a cell in which blood and feces smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989)(prisoner stated a claim where his requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with feces and was without running water).

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendant Paul Griffith for using excessive force against him and against Defendant Lt. Prentice for deliberate indifference based upon the conditions of his confinement. This case proceeds solely on the claims identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's motion for status [6] is DENIED as moot in light of this Order.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer

or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If Defendants no longer works at the address provided by Plaintiff, the entity for which Defendants worked while at that address shall provide to the Clerk said Defendants' current work address, or, if not known, said Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT is further ORDERED THAT the Clerk is directed to: 1) show Plaintiff's motion for status [6] denied as moot in light of this Order; 2) attempt service on Defendants pursuant to the standard procedures; and 3) set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of serviced and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 1st day of December 2014.

_____/s James E. Shadid_____
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE